In re Edward J. TINNEBERG and Carmen Tinneberg, Debtors.

No. 885–51879–20.

United States Bankruptcy Court, E.D. New York, at Westbury.

March 25, 1986.

---

Steinberg & Scupp, Forest Hills, N.Y., for debtors.

Rood Schwartz, White Plains, N.Y., for creditor.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of Associates Commercial Corporation ("Associates") to dismiss the debtors' petition, or in the alternative, to deny confirmation of the debtors' proposed plan. The court finds that Associates has failed to show cause to dismiss the case, or to deny confirmation, and hereby denies the motion.

## FACTS

On November 15, 1983, debtors filed a chapter 7 petition but they did not schedule Associates Commercial Corporation as a creditor. On March 14, 1984, debtors obtained a discharge of their debts. In January 1985, Associates filed suit in state court against debtors based a pre-bankruptcy truck repossession. In May 1985, Associates won their state court case by default. On June 4, 1985, debtors filed a motion to reopen their bankruptcy to add Associates to their November 1983 petition for bankruptcy. The court denied the motion in a decision dated September 24, 1985. On December 2, 1985, debtors filed a petition for bankruptcy under chapter 13 of the United States Bankruptcy Code.

Debtors' proposed plan provides for monthly living expenses as follows:

| | |
|---|---|
| Rent | $465.00 |
| Electricity | $ 30.00 |
| Telephone | $ 25.00 |
| Food for two | $175.00 |
| Clothing | $ 30.00 |
| Laundry & cleaning | $ 10.00 |
| Newspapers, etc. | $ 12.00 |
| Auto Insurance | $ 40.00 |
| Transportation | $ 50.00 |
| | $837.00 |

## DISCUSSION

Associates contends that debtors' proposed plan should be denied or their case dismissed because: (1) debtors' proposed budget for their maintenance and support contains unnecessary expenses; and (2) debtors' obligation has previously been declared non-dischargeable.

11 U.S.C. § 1325(b)(2) provides that if an unsecured creditor objects to confirmation, the court must determine whether the plan accounts for all of the debtors' "disposable income". "Disposable income" is defined as income not reasonably necessary for the maintenance or support of the debtor. In this case, Associates argues that debtors' statement of income and expenses reveals that debtors have the ability to pay not ten percent, but rather eleven percent of Associates' claim. Specifically, Associates objects to debtors' budgeting $12.00 per month for newspapers and periodicals. Neither precedent nor legislative history define what expenses debtors under chapter 13 protection can properly budget. Generally, this court excludes from "maintenance" and "support" only unnecessary luxuries. Nonetheless, no humane standard would prohibit debtors in bankruptcy from buying a newspaper. Lamentably, Associates first argument is not only spurious, it is downright heartless.[1]

1. Incidentally, debtors' budget may be too austere to be feasible. These debtors have obviously excluded many necessaries from their daily lives to fund their proposed plan, and the court is willing to entertain an amended budget that includes those necessaries that the debtors optimistically believe they can live without. By making their budget more realistic, debtors will increase the likelihood of the success of their plan. Debtors' counsel should note that the

In support of its motion, Associates also argued that this court's denial of debtors' motion to reopen their earlier bankruptcy to add Associates makes this debt nondischargeable. The court denied debtors' motion in the earlier case for two reasons. First, 11 U.S.C. § 350(b) makes reopening cases discretionary, and the court found that "... debtors' failure to appear in the state court action makes it beyond the sound discretion of the court to reopen this case to discharge the state court judgment." Second, even if the case was to be reopened, the court found that the debt would be nondischargeable under 11 U.S.C. § 523(a)(3)(A) because: (a) the debtors did not list Associates on their petition; (b) Associates knew nothing of the bankruptcy; and (c) the limited exception in equity to section 523 did not apply. The filing of debtors' chapter 13 case solves the problems in debtors' motion to reopen. First, allowing a default judgment in state court is not a bar to discharge in bankruptcy. Second, Associates is listed on the chapter 13 petition.

Associates argued further that since the debt was once declared nondischargeable, it is forever nondischargeable. Associates cited case law holding that a finding of nondischargeability based on embezzlement survives the filing of a chapter 13 case subsequent to a chapter 7 case. Unfortunately for Associates, embezzlement cases are distinguished from this case because the facts proven for a finding of embezzlement can be presumed by collateral estoppel for a later finding of embezzlement. In contrast, the facts proven for a finding of failure to list a creditor on a petition are irrelevant to a later case in which the creditor is properly listed. Accordingly, Associates motion is denied.

SO ORDERED.

legislative history to 11 U.S.C. § 1325(b) indicates that a chapter 13 plan does not, in every case, have to provide substantial payments to unsecured creditors if a debtor has little disposable income.